This is an action for the price of goods sold.
After an ore tenus hearing, the trial court entered judgment in favor of the seller, J.L. Cowan, for the price of the goods. This amount was $1,500 plus interest. In addition, the trial court found that the buyer had converted to his own use certain personal property belonging to the seller. The trial court awarded the seller one dollar as nominal damages on this claim. The buyer, Harold Ledford, appeals.
The record reveals the following pertinent facts. The buyer agreed to purchase three Mustang automobiles (1966 GT Mustang coupe, 1965 fastback, 1966 convertible) from the seller for $3,000. When the buyer took possession of the coupe, he gave the seller a cashier's check for $1,500, with the understanding that the remaining $1,500 would be paid on the delivery of the fastback and the convertible.
The seller arranged for Charles Canterbury to transport and deliver the remaining two vehicles to the buyer. Canterbury dropped the convertible off at a lot owned by the buyer and proceeded to the buyer's residence to deliver the fastback. The buyer attempted to accept delivery of the fastback, but Canterbury refused to unload it until he received the cashier's check for the balance owed. The buyer refused to tender the balance owed until he had an opportunity to inspect the convertible which had been dropped off. Canterbury returned to the seller with both vehicles.
Thereafter, the seller filed suit for the price of the vehicles. The seller contends that the buyer wrongfully rejected the delivery of the vehicles and breached the parties' agreement by refusing to pay the balance of $1,500.
On appeal, the buyer contends that the seller was not entitled to recover the price of the undelivered vehicles where the buyer was prohibited from performing his obligation under the contract by the actions of the seller's agent.
There was evidence that Canterbury refused to unload the fastback (which the buyer was willing to accept) until the buyer tendered the check for the balance owed. There was also evidence that the buyer wished to inspect the convertible (because there was some concern that it was not in the same condition as it was when he agreed to purchase it) before tendering the balance owed. Canterbury refused to comply with this request and returned both of the vehicles to the seller.
Under Ala. Code (1975), § 7-2-513, the buyer has a right to inspect the goods before payment or acceptance. Therefore, the seller is not entitled to recover the price of the undelivered cars because of the actions of Canterbury.
There was conflicting evidence as to the value of the cars. The seller testified that the coupe which was in the buyer's possession was worth $2,500 and that the value of the undelivered cars was $500. It was undisputed that the buyer had previously paid $1,500.
It is presumed that the trial court has correctly resolved any conflicts in the evidence, and its findings will not be disturbed on appeal unless manifestly unjust or palpably wrong.Leslie v. Pine Crest Homes, Inc., 388 So.2d 178 (Ala. 1980). There was evidence below to support a judgment of $1,000, but there was not sufficient evidence to support the trial court's judgment of $1,500 plus interest. In view of the above, the trial court is due to be affirmed except as to the amount of the judgment. The case is remanded to the trial court for entry of a judgment of $1,000 plus any appropriate interest. *Page 66 
In addition to the above, the buyer contends that the evidence does not support the nominal damages award for conversion. We disagree.
There was conflicting evidence as to whether the seller was present and consented to the buyer's converting the property to his own use. One John Richard Bailey testified that the seller was not present when the buyer converted the property. There is a presumption that the trial court correctly resolved the conflicts in evidence, and its findings will not be disturbed unless palpably wrong. Leslie, 388 So.2d 178. Therefore, the trial court correctly awarded nominal damages on the conversion claim.
This case is due to be, and it is, affirmed in part and reversed and remanded in part.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
WRIGHT, P.J., and BRADLEY, J., concur.